UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| JAMES HEDELSKY, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No. | 4:15-CV-64-HSM-SKL |
| | ) | | |
| STEVEN GRAVES, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| | ) | | |

## **MEMORANDUM OPINION**

On October 28, 2015, James Hedelsky filed a petition for writ of habeas corpus as a pretrial detainee in the Coffee County Jail pending state criminal charges of (1) criminal conspiracy and (2) manufacturing, delivering, or selling a controlled substance [Doc. 1]. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Respondent to answer or otherwise respond to the petition [Doc. 6]. That Order was sent to all parties at the addresses listed as their current addresses on record. However, the Order sent to Petitioner was returned as "Undeliverable" along with the hand-written notation "Not Here" [Doc. 7]. On June 15, 2018, Respondent moved to dismiss the petition arguing that the petition has been render moot by the dismissal of the state criminal charges at issue [Doc. 10]. Plaintiff never responded or argued in opposition to Respondent's Motion to Dismiss and the time for doing so passed. *See* E.D. Tenn. L.R. 7.1(a).

On November 1, 2018, this Court advised Petitioner that failure to respond to a motion "may be deemed a waiver to any opposition to the relief sought." [Doc. 12 *citing* E.D. Tenn. L.R. 7.2]. This Court ordered Petitioner to show cause in writing, in thirty (30) days, explaining why Respondent's Motion to Dismiss should not be granted for the reasons contained therein [*Id.*].

Petitioner was forewarned that failure to comply with the terms of the Order will result in dismissal of his case [*Id.*]. Petitioner was further ordered to immediately inform the Court and Respondent or Respondent's counsel of record of any address changes in writing and that failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action [*Id. citing* E.D. Tenn. L.R. 7.1(a)]. The show cause order was mailed to Petitioner at the address he listed as his current address. However, the mail sent by this Court was again returned as "Undeliverable" noting "Unable To Forward" [Doc. 14]. More than thirty days have passed and Petitioner has not filed any response to the Court's order to show cause.

Federal Rule of Civil Procedure 41(b)[1] gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

---

[1] *See* Habeas Rule 11. "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions, may be applied to a proceeding under these rules." *Day v. McDonough*, 547 U.S. 198, 207 (2006).

As to the first factor, the Court finds that Petitioner's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the last two Orders sent to Petitioner's address on file were returned to the Court as "Undeliverable". Petitioner's failure to respond to the Court's Orders may be willful (if he chose to decline acceptance of the Orders), or it may be negligent (if he did not receive the Orders because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, either way, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal as Respondent has not yet been prejudiced by Petitioner's inactions. Although, Respondent may have been inconvenienced by Petitioner's inactions, he has not been prejudiced beyond having to wait for the case to progress.

By contrast, the third and fourth factors clearly weighs in favor of dismissal. Petitioner has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure [Doc. 6 p. 2; Doc. 12 p. 2; Doc. 13] and as such the Court finds that alternative sanctions would not be effective. There seems little purpose allowing alternative sanctions where Petitioner has apparently abandoned his case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal. Further, Petitioner is proceeding in this action *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine.

The Court concludes that, in total, the factors weigh in favor of dismissal of Petitioner's action. For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

>	*/s/ Harry S. Mattice, Jr.*
>	HARRY S. MATTICE, JR.
>	UNITED STATES DISTRICT JUDGE